## The inventory of NANCY DANA's Goods.

AN executor is never discharged as such. And every person who takes letters testamentary must file an inventory of assets.

THE SURROGATE. Washington Murray, in his lifetime, qualified as executor of the will of Nancy Dana, deceased, took possession of the estate, paid the debts, and, at the expiration of eighteen months, accounted, and a decree on final accounting was made and entered by the Surrogate. He was directed by this decree to continue to hold certain funds as trustee in execution of the trusts created in the will.

On the death of Murray, Stephen W. Dana, the other person nominated in the will as executor, qualified as such, and took letters testamentary. He is summoned to file an inventory of the personal property of the estate. He appears and puts in an affidavit, claiming that the estate of his testatrix was fully administered by Murray, and that the deponent has taken no property into his possession as executor, but is holding the property and effects

of the estate as trustee solely, and therefore ought not to be compelled to file an inventory thereof.

This excuse is ingenious, but untenable. The letters testamentary issued to Dana constitute him the executor of the will, and however little of mere executory duty remains to be performed, the liabilities of an executor are his. It is an error to suppose that an executor is discharged as such, by the passing of his accounts, and by a direction to continue to hold the remainder of the estate as then ascertained, as a trustee. Other assets may thereafter be discovered, of which he may be required to possess himself as executor. The presumption of the law is that this may be the case; and the law does not therefore discharge him, but keeps him in his place as executor, ready to receive, and become responsible for, any assets that may come into existence or be found to exist. Dana cannot say that he is not an executor; the deceased Murray, whom he succeeds, was an executor at the time of his death, and had not been discharged as such, nor had the Surrogate power to discharge him. What he was, this new executor is. The inventory now required is moreover for the purpose of charging this new comer in the administration; of ascertaining the amount of the fund now in trust, and which has passed into his hands. An inventory must be rendered.